RAGNER TECHNOLOGY CORP. and
TRISTAR PRODUCTS INC.,

          Plaintiffs,       Civil No. 1:15-7752 (NLH/AMD)

     v.                **OPINION**

MICHAEL BERARDI and NATIONAL
EXPRESS, INC.,

          Defendants.

**APPEARANCES**:

EDWARD P. BAKOS
NOAM J. KRITZER
BAKOS & KRITZER
147 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932

J. STEVEN BRAUGHMAN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K STREET, NW
WASHINGTON, DC 20006-1047

    *On behalf of Plaintiffs Ragner Technology Corp. and Tristar Products Inc.*

THOMAS R. CURTIN
GEORGE C. JONES
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 MOUNT KEMBLE AVENUE - PO BOX 2075
MORRISTOWN, NJ 07962-2075

EDWARD F. MCHALE
BRIAN M. TAILLON
KENNETH W. COHEN
ANDREW D. LOCKTON
MCHALE & SLAVIN, P.A.
2855 PGA BOULEVARD
PALM BEACH GARDENS, FL 33410

*On behalf of Defendants Michael Berardi and National Express, Inc.*

**HILLMAN, District Judge**

This is a <u>Walker Process</u> action related to other patent infringement litigation pending in the District of New Jersey. This Opinion addresses Defendant National Express, Inc. ("National Express") and Michael Berardi's ("Mr. Berardi" and, collectively, "Defendants") Motion to Dismiss for Failure to State a Claim and Plaintiff Ragner Technology Corporation ("Ragner Technology") and Tristar Products Inc.'s ("Tristar Products" and, collectively, "Plaintiffs") Motion for Leave to File a Sur-Reply. For the reasons that follow, the Court will deny both motions, without prejudice.

## BACKGROUND

Considering this Court has already opined on a motion to dismiss, this Court will rely on the alleged facts stated in its previous Opinions of February 7 and March 22, 2018. As relevant, this Court will note the new allegations made in Plaintiffs' Third Amended Complaint ("TAC") filed on April 21, 2018 in its analysis of Defendants' Motion to Dismiss. Even though this Court will not generally restate the facts of this case in their entirety, this Court will describe some basic facts and procedural history to provide context for its decision.

On September 25, 2005, U.S. Patent No. 6,948,527 ("the '527 patent") entitled "Pressure-Actuated Linearly Retractable and Extendible Hose" was issued to Gary Dean Ragner and Robert Daniel deRochemont, Jr. On June 23, 2009, U.S. Patent No. 7,549,448 ("the '448 patent") entitled "Linearly Retractable Pressure Hose" was issued to Ragner. Ragner Technology is the owner and assignee of all rights to the '527 and '448 patents, subject only to exclusive licenses granted to Tristar Products.

An agent hired by Ragner Technology informed Defendants that Ragner Technology was seeking to meet with investors. A meeting was scheduled between Ragner Technology and Defendants for August 23, 2011. On August 23, 2011, Ragner, deRochemont, and Margaret Combs, CEO of Ragner Technology, arrived in Jupiter, Florida for the scheduled meeting, which took place at the home of the Mr. and Mrs. Berardi. Edward Kelly, CEO of Defendant National Express, was also present. Mr. and Mrs. Berardi were introduced as Kelly's producers for his television commercials.

A little over two months later, on November 4, 2011, Mr. Berardi filed a patent application entitled "Expandable and contractible hose," which Plaintiffs allege "claim[ed] novel features of the prototypes of the Microhose product demonstrated by Ragner Technology at the August 23, 2011 meeting." Mr. Berardi obtained U.S. Patent No. 8,291,941 ("the '941 patent"),

entitled "Expandable and contractible hose," U.S. Patent No. 8,291,942 ("the '942 patent") entitled "Expandable hose assembly," and U.S. Patent No. 8,479,776 ("the '776 patent").

Blue Gentian, LLC is the owner of all the rights in the '941, '942, and '776 patents. Mr. Berardi is a managing member of Blue Gentian. Blue Gentian, in turn, granted National Express the exclusive right under the '941, '942, and '776 patents to market and sell the expandable hose product. The parties began to manufacture and sell products based on the patents described, supra.

Consequently, National Express, in conjunction with others, sued Tristar Products, and others, for patent infringement on some of the patents described supra in October 2012 in the Southern District of Florida. See Blue Gentian LLC, et al. v. Tristar Products, Inc., et al., Civil No. 1:13-cv-01758 (NLH/AMD)("Blue Gentian"). The case was eventually transferred to the District of New Jersey where Tristar Products filed its first answer and counterclaims in January 2014.

On May 30, 2014, Plaintiffs filed a complaint in the Southern District of Florida alleging conspiracy to monopolize (in the alternative, attempt to monopolize) (Count I) (the "Walker Process claim"); common law fraud (Count II); and breach of contract (Count III) against Mr. Berardi, Cheryl Berardi ("Mrs. Berardi"), Greg Janson, National Express, and the Estate

of Edward Kelly.[1]

On October 9, 2015, Judge Dimitrouleas issued a <u>sua</u> <u>sponte</u> Order requiring Plaintiffs to show cause why the Southern District of Florida should not transfer the matter to the District of New Jersey. Upon full briefing, Judge Dimitrouleas transferred this action to the District of New Jersey, where it was first assigned to Kevin McNulty, U.S.D.J. A Second Amended Complaint ("SAC") was filed on April 29, 2016.[2]

Motions to dismiss were filed by all Defendants, with those by Mr. and Mrs. Berardi specifically addressing whether the District of New Jersey could properly assert personal jurisdiction over them. The case was reassigned to the undersigned in December 2016. Shortly thereafter, this Court issued an Order to Show Cause why this case should not be stayed, a hearing was held, and another Order was filed requesting the parties to specifically address why this case should be stayed pending decision in <u>Blue Gentian</u> or the hearing before the Patent Trial and Appeal Board ("PTAB") on the '076

---

[1] On October 9, 2014, Defendant Janson was voluntarily dismissed via Order signed by William P. Dimitrouleas, U.S.D.J. As discussed <u>infra</u>, Mrs. Berardi was dismissed for lack of personal jurisdiction on March 22, 2018. The Estate of Edward Kelly was dismissed via this Court's March 22, 2018 dismissal of all claims with leave to amend and the failure of Plaintiffs to name him in the Third Amended Complaint.

[2] Plaintiffs filed their First Amended Complaint ("FAC") on June 25, 2015.

patent.  This Court lifted the stay in May 2017.

Simultaneously, in January 2017, Tristar Products, among others, moved before this Court – in the Blue Gentian matter - to consolidate all pending related matters in this District.  On April 11, 2017, this Court denied that motion on grounds that consolidation would lead to one unmanageable case that would be less, rather than more, efficient than trying the cases separately.

On March 22, 2018, this Court filed an Opinion and Order dismissing Mrs. Berardi – from this case - for lack of subject matter jurisdiction and dismissed the SAC, granting leave for Plaintiffs to amend.  Within this Opinion, the Court specifically requested that the parties address whether the Walker Process claim should be considered a compulsory counterclaim that should have been filed in the Blue Gentian matter.  Plaintiffs filed the TAC on April 21, 2018, again asserting the same Walker Process and Florida common law claims.

On May 21, 2018, Defendants filed the instant motion to dismiss.  Defendants' Motion to Dismiss was fully briefed by both parties.  After full briefing, Plaintiffs filed a Motion for Leave to File a Sur-Reply on July 10, 2018.  It appears no opposition was filed, but Defendants filed a Notice of Supplemental Authority and Plaintiffs responded in October 2018. Accordingly, the motions are fully briefed and ripe for

adjudication.

**A. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

**B. Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,

40 F.3d 247, 251 (7th Cir. 1994); and then citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a
> court must take three steps. First, the court must
> "tak[e] note of the elements a plaintiff must plead to
> state a claim." Second, the court should identify
> allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of
> truth." Third, "whe[n] there are well-pleaded factual
> allegations, a court should assume their veracity and
> then determine whether they plausibly give rise to an
> entitlement for relief."

<u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." <u>Twombly</u>, 550 U.S. at 563 n.8 (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 684 ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions' . . . ."); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) ("<u>Iqbal</u> . . . provides the final nail in

the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C.   Motion to Dismiss**

Defendants brings this motion to dismiss Plaintiff's TAC on four grounds. First, Defendants argue the Walker Process claim should be dismissed because it was not filed as a compulsory counterclaim in a previously filed action. Second, and alternatively, Defendants argue the Walker Process claim should be dismissed because Plaintiffs have failed to sufficiently plead the claim on multiple grounds. Third, Defendants argue the breach of contract claim should be dismissed because Florida's statute of frauds bars its enforceability. Fourth and finally, Defendants argue Plaintiffs'' common law fraud claim must be dismissed because it is not independent of the breach of contract claim. Because this Court finds the Walker Process claim is a compulsory counterclaim and that a stay is appropriate in this case, it will not address any arguments on the merits of dismissal of the claims pleaded.

a. Whether the Antitrust Claim is a Compulsory
   Counterclaim

Defendants argue the Court should dismiss the Walker

Process claim because it is a compulsory counterclaim to a

patent infringement action, which Plaintiffs have failed to

bring in the correct action.  This potential issue was noted by

the Court in its March 22, 2018 Opinion and the Court requested

the parties address it in the next round of motions filed.

(Mar. 22, 2018 Opn. 47-48 n.17.)  There, this Court noted a

split of authority within the Circuit Courts as to whether a

Walker Process claim is a compulsory counterclaim or merely a

permissive one.  (Mar. 22, 2018 Opn. 47-48 n.17.)  The Court did

not opine there on whether the nature of the counterclaim would

necessarily lead to dismissal, although it did observe a finding

that the counterclaim was compulsory "would further support

dismissal of the [Walker Process claim]."  (Mar. 22, 2018 Opn.

48 n.17.)

The parties have done as the Court requested and have

briefed this issue.  The Court will start with the factual basis

for Defendants' argument before moving into the legal basis.  In

the instant action, Plaintiffs allege a Walker Process claim.

But, before the instant action was filed, Defendant National

Express, along with others, filed a patent infringement action

in this Court, against Plaintiff Tristar Products, among others.

See Blue Gentian, LLC, et al. v. Tristar Prods., et al., No. 13-
1758 (NLH/AMD). Both cases concern – on some level – the
validity of the '941, '942, and '776 patents. Plaintiffs did
not and have not asserted their Walker Process claim in Blue
Gentian.

This Court finds it most expedient to first address whether
the claim is a compulsory counterclaim based on the Federal
Rules of Civil Procedure and Third Circuit case law. Rule
13(a)(1) defines a compulsory counterclaim as one which "arises
out of the transaction or occurrence that is the subject matter
of the opposing party's claim" and "does not require adding
another party over whom the court cannot acquire jurisdiction."[3]
In the Third Circuit, to determine whether a claim arises out of
the same transaction or occurrence, a court should determine
whether the claim bears a "logical relationship" to the opposing
party's claim. Great Lakes Rubber Corp. v. Herbert Cooper Co.,
286 F.2d 631, 634 (3d Cir. 1961). A logical relationship is
shown:

> where separate trials on each of [the parties']
> respective claims would involve a substantial
> duplication of effort and time by the parties and the
> courts. Where multiple claims involve many of the same
> factual issues, or the same factual and legal issues, or
> where they are offshoots of the same basic controversy
> between the parties, fairness and considerations of

---

[3] No party here asserts that the claim falls within the Rule
13(a)(2) exceptions, so the Court will not address this section
of Rule 13.

convenience and of economy require that the counter-
claimant be permitted to maintain his cause of action.
Indeed the doctrine of res judicata compels the counter-
claimant to assert his claim in the same suit for it
would be barred if asserted separately, subsequently.

Id.

No party here asserts that the logical relationship test

has not been met.  In fact, in a factually analogous situation

in the District of Delaware, the court found the logical

relationship test was met.  Rohm & Haas Co. v. Brotech Corp.,

770 F. Supp. 928, 931-32 (D. Del. 1991).  There, a patent

infringement suit was filed, and while it was ongoing, the

original defendant filed a Walker Process claim in a separate

suit.  Id.  The court there found the second-filed claim was a

compulsory counterclaim.  Id. at 935.  The Court finds here the

Walker Process claim meets the requirements of the plain text of

Rule 13(a)(1) and is a compulsory counterclaim.

Even though it is undisputed the Third Circuit test is met,

Plaintiffs present two arguments concerning why this claim

should be considered a permissive, not a compulsory,

counterclaim.  First, Plaintiffs argue this Court should follow

the guidance of Mercoid Corp. v. Mid-Continent Inv. Co., 320

U.S. 661 (1944).  Plaintiffs have asserted this decision is

controlling in the present case and has not been abrogated by

the Supreme Court.  Defendants contend it is not factually

analogous to this case and did not determine whether a Walker

12

Process counterclaim was – in all cases - permissive or
compulsory.

Mercoid Corp. involved a contributory infringement suit on
a patent for a domestic heating system.  Id. at 662.  The
defendant in that case answered the complaint by denying
contributory infringement and filing, essentially, a Walker
Process counterclaim.  Id.  There was previous litigation
concerning contributory infringement in which the counterclaim
plaintiff was not a party, but aided in the defense.  Id. at
675.  There, the counterclaim was not asserted.  Id.  The
Supreme Court's decision specifically addressed the preclusive
effect of this previous litigation on the litigation pending
before it.  Id. at 670-71.  In discussing the preclusive effect
of not filing the Walker Process claim as a counterclaim in the
previous action, the Supreme Court opined:

> Though Mercoid were barred in the present case from
> asserting any defense which might have been interposed
> in the earlier litigation, it would not follow that its
> counterclaim for damages would likewise be barred.  That
> claim for damages is more than a defense; it is a
> separate statutory cause of action.  The fact that it
> might have been asserted as a counterclaim in the prior
> suit by reason of Rule 13(b) of the Rules of Civil
> Procedure does not mean that the failure to do so renders
> the prior judgment res judicata as respects it.
> Virginia-Carolina Chemical Co. v. Kirven, 215 U.S. 252
> [(1909)]; Larsen v. Northland Transportation Co., 292
> U.S. 20 [(1934)]. . . .  The case is then governed by
> the principle that where the second cause of action
> between the parties is upon a different claim the prior
> judgment is res judicata not as to issues which might
> have been tendered but "only as to those matters in issue

or points controverted, upon the determination of which the finding or verdict was rendered." <u>Cromwell v. County of Sac</u>, 94 U.S. 351, 353 [(1876)].

<u>Id.</u> (emphasis added).

Of the courts in the Third Circuit which have considered <u>Mercoid Corp.</u>, all have limited it to its facts. <u>See</u> <u>Am. Packaging Corp. v. Golden Valley Microwave Foods</u>, No. 94-1839, 1995 U.S. Dist. LEXIS 5918, at *12-14 (E.D. Pa. Apr. 28, 1995), <u>aff'd without opinion</u>, 1996 U.S. App. LEXIS 12061 (3d Cir. 1996) (discussing cases from the District of Delaware and the Western District of Pennsylvania limiting <u>Mercoid Corp.</u>).  Considering the case law in this Circuit, and the Third Circuit's affirmance of <u>American Packaging Corp.</u>, it seems most appropriate here to limit <u>Mercoid Corp.</u> to its facts.[4]

Judging this case on the facts, it does not present the same case as <u>Mercoid Corp.</u>  In <u>Mercoid Corp.</u>, the parties in the two actions were different.  <u>Id.</u> at 662.  Here, while the parties are not identical, both actions include both Tristar Products and National Express.  Moreover, <u>Mercoid Corp.</u> presented a case where the previous litigation went to final judgment before the succeeding litigation commenced.  <u>Id.</u> at

---

[4] This Court understands Plaintiffs' argument that the Third Circuit affirmance is not binding.  (Pls.' Opp. Br. 9 n.7.)  But, that only means this Court should follow the Third Circuit's lead to the extent it finds it persuasive.  As stated <u>supra</u>, this Court finds the approach of <u>American Packaging Corp.</u> – in this regard - persuasive.

669-70.  The present case involves a preceding case (<u>Blue Gentian</u>) and a succeeding case (the present case) involving mostly the same patents that are proceeding simultaneously in the same District.  Because the facts are not analogous, this Court does not find that <u>Mercoid Corp.</u> necessitates a finding that the <u>Walker Process</u> claim here is a permissive counterclaim.

Second, Plaintiffs argue the possibility that this Court would be unable to assert personal jurisdiction over Mr. Berardi renders the <u>Walker Process</u> claim permissive rather than compulsory.  Defendants rightly resist this argument.  It is belied by the plain text of Rule 13.  A counterclaim is permissive if it is "not compulsory."  FED. R. CIV. P. 13(b).  A counterclaim is compulsory if it "does not require adding another party over whom the court <u>cannot</u> acquire jurisdiction." FED. R. CIV. P. 13(a)(1)(B) (emphasis added).  As Plaintiffs cannot dispute, and Defendants highlight, this Court found it could exercise personal jurisdiction over Mr. Berardi. Therefore, on the plain text of the Federal Rules of Civil Procedure, this is not a permissive counterclaim, but a compulsory one.

Plaintiffs also cite several out of circuit cases which they assert show that a counterclaim is not compulsory where the party which should have asserted it feared a court could not assert personal jurisdiction over a required party.  Those cases

15

do not stand for that proposition, but instead stand for the unremarkable proposition that Rule 13(a)(1)(B) means what it says – a counterclaim is permissive when the court <u>cannot</u> acquire personal jurisdiction over a party, not when the asserting party <u>fears</u> the court may not be able to acquire personal jurisdiction over a required party. Thus, Plaintiffs arguments do not persuade this Court that the counterclaim is permissive rather than compulsory.

The necessary next question is what the impact of this holding is on Plaintiffs' <u>Walker Process</u> claim. Defendants suggest this case should be decided in the same way as <u>American Packaging Corp.</u> and that the <u>Walker Process</u> claim should be dismissed. This Court disagrees. In <u>American Packaging Corp.</u>, the Eastern District of Pennsylvania determined a failure to file a compulsory <u>Walker Process</u> counterclaim required dismissal of that claim. 1995 U.S. Dist. LEXIS 5918, at *18-19. That case is inapposite because the previous litigation in which American Packaging Corp. could have instituted a Walker Process counterclaim was litigated to judgment before it brought its <u>Walker Process</u> claim in a new, succeeding litigation. <u>Am. Packaging Corp.</u>, 1995 U.S. Dist. LEXIS 5918, at *1-9. The basis for the dismissal was the preclusive effect Rule 13 has on compulsory counterclaims not brought before final judgment is rendered. <u>Id.</u> at *8-9, 18-19. <u>American Packaging Corp.</u> is not

this case, because the <u>Blue Gentian</u> case has not been fully

resolved and thus has no preclusive effect.[5]

This Court, finding the <u>Walker Process</u> claim is a

compulsory counterclaim and finding that dismissal is not

warranted based on the preclusive effects of Rule 13, must

determine the correct route forward.  Wright and Miller provides

the appropriate guidance.  In considering the exact sequence of

events presented here, it states:

> Ideally, once a court becomes aware that an action on
> its docket involves a claim that should be a compulsory
> counterclaim in another pending federal suit, it will
> stay its own proceedings or will dismiss the claim with
> leave to plead it in the prior action.

6 Charles Alan Wright, et al., Federal Practice and Procedure § 1418 (4th

ed. 2010).  Thus, it appears this Court is given two options

with which it may proceed – neither of which would warrant

dismissal with prejudice.  This Court will address each in turn.

One suggestion is to dismiss the claim with leave to plead

it as a counterclaim in the <u>Blue Gentian</u> matter.  Essentially,

this would be consolidation by a different name, because the two

matters are both pending before the undersigned.  This Court

previously decided in April 2017 not to consolidate these

---

[5] Defendants citation to <u>Critical-Val Filtration Corp. v.
Minuteman Int'l Inc.</u> is equally unavailing for the same reason –
the preceding case was litigated to judgment before the
compulsory counterclaim was brought in the succeeding case.  233
F.3d 697, 698-701 (2d Cir. 2000).

actions (along with other actions before Judge Salas) because it would create litigation that was less, rather than more, efficient. As these cases have progressed, Plaintiffs suggest, the reasoning expressed by the Court in April 2017 remains valid. The Court agrees. It finds dismissal with leave to refile would create more filings, which only effectuate a technical rather than substantive goal. Thus, this Court will not dismiss the claims without prejudice with leave to refile in <u>Blue Gentian</u>.

That leaves a stay as the other suggested alternative. In April 2017, this Court ordered the parties in this action to brief the question of whether this case should be stayed pending the disposition of <u>Blue Gentian</u> or of PTAB proceedings concerning the '076 patent. In May 2017, this Court determined that its temporary stay should not remain in effect based on the parties' briefings. This would tend to suggest a stay would be inappropriate here.

But, unlike the consolidation motion, recent events in the <u>Blue Gentian</u> case compel the Court to a different result. In <u>Blue Gentian</u>, approximately a year after this Court decided to lift the temporary stay here, the Court decided to schedule a hearing on correction of inventorship. This hearing involves, in large part, the August 2011 meeting. This meeting is central to the claims made in this case, especially the <u>Walker Process</u>

claim.  Critical facts applicable to both cases have been and will be presented in the hearing on inventorship.  Those facts concern what was discussed at the meeting and what prototypes, if any, were shown by Ragner to Mr. Berardi, among other things.

More importantly, a decision stemming from the correction of inventorship hearing will necessarily decide facts affecting the Walker Process claim.  As this Court explained in previous rulings in this case, the following test has been provided by the Federal Circuit to govern the finding of Walker Process fraud: "(1) that a false representation of a material fact was made, (2) with the intent to deceive, (3) which induced the deceived party to act in justifiable reliance on the misrepresentation, and (4) which caused injury that would not otherwise have occurred."  C.R. Bard, Inc. v. M3 Sys., 157 F.3d 1340, 1364 (Fed. Cir. 1998).  Although this Court renders no opinion on this subject, the decision on correction of inventorship could be key (if not dispositive) in determining the merits of the Walker Process claim.

Case law supports a stay – rather than a dismissal - here as well.  See, e.g., Peterson v. Bor. of Upland, No. 17-5527, 2018 U.S. Dist. LEXIS 94702, at *15-17 (E.D. Pa. June 6, 2018) (instituting stay and declining to dismiss compulsory counterclaim brought in a separate action within the same federal district); Hardinger v. Motorists Mut. Ins. Co., No. 03-

CV-115, 2003 U.S. Dist. LEXIS 3199, at *8-9 (E.D. Pa. Feb. 27, 2003) ("We, however, are unaware of any authority that precludes a party who does not want to assert a claim as a compulsory counterclaim in a suit instituted by an opponent from bringing an independent action on that claim while the first action is pending." (emphasis in original)); Leonard F. Fellman Co. v. Smith-Corona Marchant, Inc., 27 F.R.D. 263, 263-64 (E.D. Pa. 1961) (instituting a stay when compulsory counterclaim was filed as a claim in another case because party contested jurisdiction, even though court in first-filed action found it had jurisdiction).

Finally, this case is distinguishable from Rohm & Haas Co. v. Brotech Corp., 770 F. Supp. 928 (D. Del. 1991). Rohm & Haas Co. involved a patent infringement action first filed in the District of Delaware and a Walker Process claim (and RICO claim) filed in the Eastern District of Pennsylvania while the patent infringement case was ongoing. Id. at 929-30. As discussed supra, the court in Rohm & Haas Co. found the Walker Process claim was a compulsory counterclaim and should have been asserted in the first-filed action. Id. at 931-35. As a result, the court decided to enjoin the succeeding litigation by forcing the parties to dismiss the complaint. Id. at 935.[6]

---

[6] The court did not, however, force all parties to dismiss the Walker Process claim. One party was not a defendant in the

But, this is a harsh result without support in the facts of this case. Whether the Walker Process claim here was a compulsory counterclaim was not briefed until years into the action in both Blue Gentian and this case. Although it was Defendants burden to assert this basis for dismissal, it was the Court who discovered it and requested it be briefed. Unlike Rohm & Haas Co., Plaintiffs here have articulated a reason for their litigation behavior: the transfer of Blue Gentian from Florida to New Jersey cast doubt over whether personal jurisdiction could be obtained. On the facts available to this Court, the filing of the claim in a separate action does not appear arbitrary or malicious.

Moreover, the current procedural posture portends no prejudice to Defendants. As discussed, supra, trying the Walker Process claim along with the invalidity issues and other counterclaims in Blue Gentian does not particularly promote judicial economy. There is no prejudice – to any party - in trying a counterclaim on another docket number before the same judge.

Accordingly, this Court will stay the action pending the outcome of the correction of inventorship hearing. The parties

---

original action, and its claim was only stayed pending final determination of the first-filed case and separate issues relating to privity and preclusion. Id. at 935.

are permitted to file motions consistent with the Federal and Local Rules of Civil Procedure after the inventorship hearing has concluded or at some other time if changed circumstances warrant a review of the stay determination.

As a result of this holding, this Court will deny Defendants' Motion to Dismiss, without prejudice, as to arguments concerning the three substantive counts. This Court will also deny Plaintiffs' Motion for Leave to File a Sur-Reply, without prejudice, because it has been mooted by this Court's decision to stay this case.

## CONCLUSION

For the reasons expressed herein, this Court will deny Defendants' Motion to Dismiss and Plaintiffs' Motion for Leave to File a Sur-Reply, without prejudice. This Court will stay the action until a decision has been entered concerning the correction of inventorship issue currently pending before this Court.

An appropriate Order will follow.


Date: December 27, 2018                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.